**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TONI WALLACE,                                                    Case No. 1:09-cv-382

               Plaintiff,                                    Beckwith, J.
                                                                Bowman, M.J.
     v.


COMMISSIONER OF SOCIAL SECURITY,

               Defendant.


**REPORT AND RECOMMENDATION**

### I. Background

Plaintiff first filed both DIB and SSI applications in April 2006, alleging a disability onset date of June 10, 2003.  After her applications were denied at the administrative level, Plaintiff sought relief from this Court, which remanded to the Commissioner for further review of both SSI and DIB applications.

On March 21, 2012, the Commissioner rendered a fully favorable SSI decision based upon a disability onset date of April 2006.  On June 4, 2012, the Commissioner rendered a favorable DIB decision.  Based in part on the length of time that elapsed between 2006 and the favorable 2012 decision, the total amount of past due benefits was significant. Therefore, the Notice of Award indicated that the agency was withholding $14,026.50 from the total past-due benefits award "in case we need to pay your representative."  (Doc 27-5 at 2).  Plaintiff's attorney now seeks an order awarding

her the unpaid balance of that amount under an Attorney Fee Agreement and 42 U.S.C. §405(b), representing 25% of the total past due benefits award.  Pursuant to local practice, counsel's motion has been referred to the undersigned magistrate judge for initial consideration and a Report and Recommendation ("R&R").

As evidenced by this case, the process for obtaining social security benefits can be a lengthy one.  The assigned magistrate judge recommended that this case be remanded to the Commissioner under sentence four of 42 U.S.C. §405(g) on September 14, 2010. (Doc. 14).  The presiding district judge adopted that Report and Recommendation on February 25, 2011, and the case was closed by entry of the Clerk's Judgment on the same date.  (Docs. 18, 19).  Shortly thereafter, Plaintiff's counsel moved for and was awarded the sum of $3,343.75 in attorney's fees under the Equal Access for Justice Act, based upon 25.75 hours of work performed in this Court. (Docs. 24, 25, 26).

Nothing further occurred in this Court until June 26, 2013, when Plaintiff's counsel filed the present motion seeking attorney's fees under 42 U.S.C. §406(b). Although 25% of the total past due fee award amounts to $14,026.50, Plaintiff's motion seeks an order awarding only the unpaid balance of $4,682.75, because she has already received most of the fees provided for by her contingency fee agreement. Specifically, counsel acknowledges receipt of the sum of $6,000.00 from work performed at the administrative level, plus $3,343.75 under the EAJA award previously made by this Court.

2

For the reasons explained herein, I now recommend that Plaintiff's otherwise time-barred motion for attorney fees under §406(b) be GRANTED, based upon the principle of equitable tolling applied to this case.

**II. Analysis**

**A. Attorney Compensation Under the EAJA and the Social Security Act**

Several statutory provisions provide compensation for attorney time spent in federal court pursuing an appeal of an adverse social security decision.  The most commonly used statute is the Equal Access to Justice Act ("EAJA"), which broadly applies outside of the social security context, and which authorizes the Court to require the United States to pay an award of attorney's fees and costs to a "prevailing party" in a civil action brought against the United States or one of its agencies or officials.  *See* 28 U.S.C. §2412(d)(1)(A).  The second most commonly used provision is contained in the Social Security Act itself, 42 U.S.C. §406(b).[1]

Any litigant in this Court who obtains a reversal and remand of the Commissioner's decision is a "prevailing party" under the EAJA – even if after remand, the same adverse decision is obtained.  In order to obtain an award of fees under the EAJA, a Plaintiff must file the motion within 30 days of the date that final judgment is entered by this Court.  28 U.S.C. §2412(d)(1)(b); (d)(2)(G).  An EAJA award has no impact upon a claimant's future award of benefits, because the award essentially comes from the claimant's adversary, the Commissioner.  By contrast, §206(b) of the Social

_____

[1] 42 U.S.C. §406(a) provides the basis for the $6,000 award made to counsel by the SSA for her work at

Security Act permits the Court to require the successful claimant to pay a portion of her award of DIB benefits, up to 25%, to counsel – most often in conformity with a contingent fee agreement such as the one executed in this case.[2]  Obviously, an award under §406(b) directly reduces the amount of the claimant's benefits.

Despite differences between the two statutes in terms of the funding source and impact on any award of benefits, Congress has made clear that an attorney may not obtain a double-recovery for the same work.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817 (2002); *see also Jankovich v. Bowen*, 868 F.2d 867, 871 n. 1 (6th Cir. 1989).  Thus in cases like this one where an attorney first receives an EAJA award and then subsequently seeks an award under §406(b), she is required to remit to the claimant the smaller of the two awards.  *Id.*  Here, counsel has appropriately subtracted from the total award she seeks the amount previously awarded to her under the EAJA.

Given that any award would come from the claimant's and not Defendant's pocket, it is relatively uncommon for the Defendant Commissioner to file any opposition to a §406(b) motion.  In fact, no opposition has been filed in this case.   For the reasons discussed below, Plaintiff's motion should be granted, but only if equitable tolling is applied.

---

the administrative level.
[2]Section 406(b) "covers only attorneys whose clients bring successful claims under Title II of the Social Security Act."  *Napier v. Comm'r*, 190 Fed. Appx. 458, 459-60 (6th Cir. 2006)(additional citations omitted); *see also Hale v. Comm'r of Soc. Sec.*, 2011 WL 59209114 (W.D. Mich. Oct. 25, 2011)(holding that statute does not permit recovery based upon award of SSI benefits, for which fees must be sought under 42 U.S.C. §1383(d)(2), adopted at 2011 WL 5920769 (Nov. 28, 2011)); *but see Reynolds v. Comm'r of Soc. Sec.*, 2013 WL 3187976 ___ F.R.D. ___ (W.D. Mich. June 21, 2013)(suggesting in dictum that the inclusion of fees for some portion of an SSI award might not be improper).

### B. Timeliness of Motion

The issue of the timeliness of Plaintiff's motion is rarely presented by either party,[3] but is necessary to consider as a threshold question of jurisdictional authority. Judgment was entered and this case was previously closed on February 25, 2011, more than twenty-eight months before the instant motion was filed.[4] The issue of when a motion must be filed under §406(b) of the Social Security Act has divided other federal courts, and remains unresolved in the Sixth Circuit.  The problem arises because the statute itself contains no explicit time limit, but permits a court that "renders a judgment favorable to a claimant," to "determine and allow *as* part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment."  42 U.S.C. §406(b)(1)(A).

Although the Plaintiff ultimately received an award of past-due benefits "by reason of such judgment," the reversal of the Commissioner's decision in 2011 did not entitle Plaintiff to an immediate award, but instead required further evaluation by the Commissioner.  The obvious dilemma is how this Court might "allow as part of its judgment" a fee award to Plaintiff's counsel in 2013 - long after judgment was entered

---

[3]As other courts have noted, the defendant Commissioner "has no financial incentive to assert a challenge to the timeliness" of a motion for section 406(b) attorney's fees.  *See Hale v. Comm'r of Soc. Sec.*, 2011 WL 59209114 at *3.  A court in this district declined to consider the timeliness of a Rule 406(b) motion filed four months after counsel received notice of an award of benefits, based in part upon the lack of opposition by the Commissioner, and the fee agreement between the plaintiff and her attorneys.  *See McCullers v. Astrue*, 2011 WL 5526366 (S.D. Ohio, Nov. 14, 2011)(Black, J.); *see also Bentley v. Comm'r*, 524 F. Supp.2d 921, 924 (W.D. Mich. 2007) (recognizing the lack of financial interest that would prompt the Commissioner to object to an untimely petition for fees, but nevertheless stating that the Commissioner's failure to object was "not insignificant.").

[4]A second Judgment pertaining to the award of EAJA fees was entered in November 2011 (Doc. 26), but even that date predates the present motion by nineteen months.

and this case was closed?

A district court's judgment directing a remand under sentence four is a "final order" for purposes of calculating filing deadlines, and "terminate[s] the civil action seeking judicial review of the Secretary's final decision," thus providing a "judgment" that provides starting point for any filing deadline.  *See Shalala v. Schaefer*, 509 U.S. 292, 299 (1993)(internal quotation marks and citation omitted).  Most courts have determined that the time frame for filing a petition for fees pursuant to §406(b) is governed by Rule 54(d)(2), Fed. R. Civ. P., which requires that any motion for attorney's fees be filed "no later than 14 days after the entry of judgment, unless otherwise provided by court order or statute."  Based on the Judgment date of February 25, 2011, that 14-day period has long expired, rendering the present motion time-barred.

To avoid this harsh result, a majority of courts addressing the issue have applied Rule 54(d)(2) in combination with equitable tolling to dramatically extend the time period for filing a motion for attorney's fees under §406(b).  *See, e.g., Walker v. Astrue,* 593 F.3d 274, 276 (3rd Cir. 2010); *Bergen v. Commissioner of Soc. Sec.,* 454 F.3d 1273, 1277 (11th Cir. 2006); *Pierce v. Barnhart*, 440 F. 3d 657, 663 (5th Cir. 2006); *see also Garland v. Astrue*, 492 F. Supp.2d 216, 219 (E.D.N.Y. 2007)(declining to determine whether Rule 54 or Rule 60 applies to Rule 406(b) motions); *see also Marcum v. Astrue*, 2008 WL 4831776, *2 (D.S.C. Oct. 28, 2008)(holding motion untimely under Rule 54).

The need for a judicially crafted rule of equitable tolling is clear.  As explained by

the Third Circuit in *Walker*:

> The problem…is that a strict application of Rule 54(d)(2)'s fourteen-day
> filing deadline is impossible where a court remands …for administration
> determination of benefits.  By its terms, §406(b) conditions the right to fees
> on the award of benefits and caps those fees at twenty-five percent of the
> awarded benefits.  Thus a court cannot determine whether a right to a fee
> award exists and what the value of that fee award should be until the
> administrative remand proceeding is complete and the amount of benefits
> is fixed.  However, a remand under 42 U.S.C. §406(g) would rarely, if
> ever, be completed within fourteen days of the remand order.  Therefore,
> a timely Rule 54(d)(2) motion for fees, filed within fourteen days of the
> remand order, is necessarily premature, and a similar motion filed after the
> administrative determination of benefits is most likely untimely.

*Id.* at 278 (footnote omitted).  As stated, a growing majority of federal courts have

therefore applied equitable tolling to fashion a new deadline for §406(b) motions.

Seeking an alternative to having to equitably adjust Rule 54(d)(2), the Tenth

Circuit alone holds that the "reasonable time" limit of Rule 60(b) applies instead to

determine whether a §406(b) motion is timely.  *See McGraw v. Barnhart*, 450 F.3d 493,

505 (10th Cir. 2006).  But Rule 60 presents its own procedural difficulties.  The *Walker*

court describes Rule 60 as "an inappropriate vehicle for fee petitions," drawing the

analogy to the similar purposes of Rule 59 and the Supreme Court's proscription

against using that rule for fee petitions.  *Id.* at 279, citing *White v. New Hampshire Dept.

of Employment Sec.*, 455 U.S. 455, 451 (1982).  Indeed, "[t]here is significant legal

authority suggesting that the Sixth Circuit would decline to adopt the Tenth Circuit's

indefinite "reasonable" time approach, because it abandons any attempt at principled

application of the specific attorney's fee provision found in Rule 54(d)(2)(B)."  *Hale*,

2011 WL 59209114 at *4 (discussing cases).

The undersigned agrees that Rule 60 is inapposite, and a motion under §406(b) can only be made through Rule 54(d)(2), notwithstanding the need to apply equitable tolling in most if not all such cases.  *Walker* applies a sensible rule, holding that "the application of the filing deadline is tolled until the notice of award is issued by the Commissioner and counsel is notified of that award."  *Id.* at 280.  Using that tolling provision, attorneys have "fourteen days from notification of the notice of award to file a fee petition in the district court."  *Id.*  In the absence of a binding local rule[5] or persuasive precedent to the contrary, the undersigned finds the motion to be timely – though barely, and only because of the limited case authority and lack of binding published case law on the subject in the Sixth Circuit at the time Plaintiff filed her motion.  *Accord Bentley v. Com'r of Soc. Sec.*, 524 F. Supp.2d 921, 924 (W.D. Mich. 2007)(declining to adopt a rule in all future cases given lack of Sixth Circuit precedent, but applying equitable tolling and Rule 54(d)(2) on facts presented).

In a recent similar case, this Court held that equitable tolling under Rule 54(d)(2) should apply where counsel received notice of the past due benefits award on March 4, 2012, and promptly filed his Rule 406(b) motion just two days later, on March 6, 2012.  *Proctor v. Commissioner of Soc. Sec.*, Case No. 09-cv-127, 2013 WL 308730 (Jan. 25, 2013)(R&R adopted on Feb. 19, 2013 at 2013 WL 607968 by Beckwith, J.).  In that

---

[5]Rule 54(d)(2)(D) permits courts to establish alternate procedures by local rule.  In fact, the United States District Courts for the Eastern District and Western District of Kentucky have promulgated a local rule that clarifies that the time limit for filing an attorney's fee petition under §406 is "thirty (30) days" after "a final favorable decision for plaintiff."  *See Robertson v. Astrue*, 2011 WL 4737603 (W.D. Ky. Oct. 6, 2011)(discussing interpretation of LR 83.11 but applying equitable tolling to facts presented).  The Eastern District of Michigan has promulgated a similar local rule.  *See Young v. Astrue*, 2012 WL

case, counsel's prompt filing of his petition for fees was well within fourteen days of the date of the fee award.  Thus, the undersigned reasoned:

> Using the notice date of the fee award as the starting point for the basis of equitable tolling under Rule 54(d)(2), rather than this Court's judgment date …. the motion would be considered timely under the Third, Fifth, and Eleventh Circuit's approach and arguably, even under the Tenth Circuit's "reasonable" approach.  Applying Rule 54(d)(2) and equitable tolling, the undersigned finds the instant §406(b) motion to be timely filed.

*Id.*, at *4.

In this case, the record reflects that Plaintiff was notified of the total amount of past-due disability benefits, including the amount being withheld under the contingency agreement, not later than June 4, 2012.[6]  (Doc. 27-5).  The decision was mailed on the same date to Plaintiff's counsel.  (*Id.*).   Plaintiff's counsel has also included as an exhibit a letter dated February 13, 2013 that references the prior award of $6,000.00 for counsel's work at the administrative level, pursuant to 42 U.S.C. §406(a), and seeks information as to whether counsel has already, or intends to petition this Court for a fee for her services.   The February 2013 letter explains that if counsel has previously received an order under §406(b) for her work performed in this Court, she should send the Social Security Administration a copy of that award.  Alternatively, the letter asks counsel to send the SSA a written statement expressly waiving any remaining fee, if she does not intend to petition this Court, so that the previously withheld funds might be

---

3816519 (E.D. Mich., June 27, 2012)(discussing E.D. Mich. LR 54.2(a), and applying equitable tolling).
[6]The June 2012 letter refers to an "earlier letter" notifying Plaintiff of her past-due benefits, but because the record also contains an earlier letter concerning SSI benefits, it is unclear whether Plaintiff received earlier notice of the amount of her past due DIB benefits.

released to the claimant.  (Doc. 27-6 at 1).

Having determined that a judicially crafted tolling rule under Rule 54(d)(2) is generally appropriate to apply to §406(b) motions, this Court must consider whether tolling should apply on these facts.  In *Proctor* counsel filed the §406(b) motion just two days after receiving notice of the favorable decision.  By contrast, in this case Plaintiff's counsel waited more than a year after receiving notice of the DIB award, and more than four months after receiving the February 2013 letter seeking information as to whether she had received a §406(b) award from this Court, or intended to seek such an award, before filing a motion in this Court.  Under the *Walker* rule and *Proctor*, Plaintiff's motion would not be timely even under Rule 54(d)(2).

On the other hand, the Court recognizes that *Proctor* was unpublished.  At the time Plaintiff filed her motion, only *Bentley* and a second decision from the same Michigan court provided the only published (and non-binding) authority within the Sixth Circuit concerning this issue.  The more recent case, *Reynolds v. Com'r of Soc. Sec.*, ___ F.R.D. ___ (W.D. Mich., June 21, 2013), was published just days before Plaintiff filed her motion.  There, the Michigan district court rejected a magistrate judge's Report and Recommendation that the plaintiff's §406(b) motion, which had been filed 64 days after receipt of the Notice of Award, was untimely.  Using a variety of equitable principles, the court there held that Plaintiff was entitled to equitable tolling to prevent the motion from being untimely.

*Reynolds* first discussed the solutions formulated by the Third, Fifth, Seventh,

10

Tenth, and Eleventh Circuits, before discussing *Bentley* and the principles to be applied to the case before it. "Since *Bentley*, the rule in the Sixth Circuit has not become any clearer, and the number of different approaches taken by other jurisdictions has only expanded. …While *Bentley* itself arguably provided some clarity in this circuit, that case is not binding on the other courts in this district and so cannot provide true certainty here." *Id.* at *4. As stated in *Reynolds*, courts in the Sixth Circuit consider five factors to determine whether a deadline should be equitably tolled:

    (1)    the petitioner's lack of notice of the filing requirement;

    (2)    the petitioner's lack of constructive knowledge of the filing requirement;

    (3)    diligence in pursuing one's rights;

    (4)    absence of prejudice to the respondent; and

    (5)    the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.*, citing *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005)(additional citation omitted). Applying these factors, the *Reynolds* court reasoned that counsel was "reasonably diligent in filing his motion approximately two months after the notice of award issued," and that no party was prejudiced by the delay, or had objected to the motion. "Indeed the affected party, Mr. Reynolds, has expressly consented to his attorney's fee request," which the court noted had been significantly and voluntarily reduced to an amount representing 17% of the past-due benefits rather than the 25% provided for by the fee agreement. *Id.*

11

The delay by counsel in this case between the Notice of the award and the filing of the §406(b) motion was substantially longer than in *Reynolds*, presenting a much closer issue concerning the factor of "diligence in pursuing one's rights." And unlike in *Reynolds*, the Plaintiff has not filed an affidavit explicitly consenting to the payment of the full 25% fee in accordance with the contingency fee agreement. On the other hand, while a more nominal factor, the Commissioner has filed no opposition to counsel's request for additional fees. Considering all relevant factors, including the lack of published binding authority and the relative inconsistency of unpublished authority,[7] as well as the inherent inequity in failing to honor a contingency fee agreement in a type of case that carries with it substantial risk of loss, the undersigned will recommend that equitable tolling be applied to consider the §406(b) motion as if timely filed.

### C. Merits of Motion

Even when a motion is not opposed, the burden remains upon the attorney claiming the award to demonstrate his entitlement to the fee and the reasonableness of the fee award he or she seeks. *Gisbrecht v. Barnhart*, 535 U.S. at 807. At the same time, an award of fees out of past-due benefits under §406(b) is discretionary, and will not be reversed absent an abuse of discretion. *See Damron v. Com'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir.1997) ("This court will reverse a fee award decision upon finding

---

[7]Because there is no incentive for either party to raise the issue, the issue of timeliness frequently evades judicial review. *See e.g., Lowery v. Comm'r of Soc. Sec.,*2013 WL 837317, ___ F. Supp.2d ___, (S.D. Ohio March 6, 2013)(Rice, J., approving unopposed motion for fees under §406(b) without comment on timeliness issue); *Childers v. Astrue, Case No.* 1:09-cv-173, 2012 WL 4757828 (S.D. Ohio, Oct. 4, 2012)(undersigned's R&R recommending approval of unopposed motion); *Edwards v. Comm'r of Soc. Sec.,* Case No. 1:08-cv-815, 2011 WL 1002186 (S.D. Ohio March 16, 2011)(Dlott, J., same); *contra*

an abuse of discretion."); *c.f.*, *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006).

Plaintiff's motion is supported by a short memorandum citing applicable legal authority. She asserts that she "did not delay the case in federal court," (Doc. 27 at 3), which is accurate as to the merits of the underlying case, but not as to the fee petition. As exhibits to her motion, Plaintiff has attached a copy of the Fee Contract, executed by Plaintiff on October 19, 2009, time records that support the 25.75 hours of work that she performed in this Court, and the previously discussed social security notices.

The Sixth Circuit has emphasized that the twenty-five percent statutory cap on past due benefits is not to be "viewed as per se reasonable," but instead should be "a starting point for the court's analysis." *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). Plaintiff states that her requested fee amounts to a hypothetical hourly rate of $544.72 per hour, if based upon the number of hours expended in this Court. Fortunately for Plaintiff, her reasoning reflects a mathematical error. Plaintiff explains that she does not seek the full award of $14,026.50 for the 25.75 hours of work in this Court, but instead has already submitted and been awarded $6,000 for an unstated number of hours spent representing Plaintiff during the administrative process, both before filing suit and after remand. That award was made by the Social Security Administration pursuant to its independent authority to award fees under 42 U.S.C. §406(a). Thus, Plaintiff actually seeks a total award of only $8,026.50 from this Court, for the 25.75 hours of work that she performed here, which sum reflects a more

---

*Lasley v. Com'r*, Case No. 1:10-cv-394-SJD (R&R filed this same day addressing same issue).

reasonable hourly rate of $311.70.

As another court in this district reiterated in a recently published opinion, an attorney seeking fees under §406(b) "must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered." *Lowery v. Com'r of Soc. Sec.*, Case No. 3:10-cv-427, ___F.Supp.2d ___, 2013 WL 837317 at *2 (S.D. Ohio March 6, 2013)(*citing Gisbrecht*, 535 U.S. at 807).  The policy reasons for this affirmative finding are clear; by definition, litigants who have been determined to be entitled to Title II disability benefits may be especially vulnerable to the imposition of exorbitant fees, particularly given the near certainty that years will have elapsed between their initial applications, remand by this Court, and the ultimate award of benefits.  In *Lowery*, the Court approved an attorney's unopposed request for fees under a contingency agreement, but only after noting that the request was both well-supported based upon the facts of that case, and represented counsel's significant reduction from the 25% provided for by the contingent fee agreement, down to just 14.5% of the past-due benefits award.  The Court further noted that if calculated at an hourly rate, the award would amount to $406.45 per hour, but held that rate did not amount to a windfall in that particular case despite – at least hypothetically – being above the "*per se* reasonable" rate for social security cases.   *See id.* at *2 and n.4 (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421-22 (6th Cir. 1990) for proposition that "[a] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable…."); *accord Reynolds*, *supra* at *4 (noting counsel's "request of

14

approximately 17% of his client's past-due benefits award [represents] a significant discount from his agreed-upon contingency fee).

Plaintiff has represented her standard rate to be $165.00 for this type of case. If Plaintiff were in fact claiming a hypothetical hourly rate of $544.72 solely for work performed in this Court, the undersigned would find that rate to be unreasonable on the facts presented. *See e.g, Jones v. Astrue*, Case No. 09-cv-802012 WL 3251865, at *3 (S.D. Ohio Aug. 8, 2012)(recommending the reduction of an effective hourly rate under a contingency agreement, from $750.00 to $360.00), adopted at 2012 WL 3763909 (S.D. Ohio, Aug. 29, 2012)(Rice, J.). While a contingency fee that yields an award more than twice the standard rate will not automatically be held to constitute an unreasonable "windfall," when the hypothetical hourly rate does exceed twice the standard rate, then the court should consider "arguments designed to rebut the presumed reasonableness of the attorney's fee." *Hayes*, 923 F.2d at 422; *see also Edwards v. Com'r of Soc. Sec.*, Case No. 1:08-cv-815, 2011 WL 1002186 (S.D. Ohio March 16, 2011)(Dlott, J., approving calculated hourly rate of $312.26 as "less than twice the $165 hourly rate approved by this Court in the award of fees under the EAJA.").

Contrary to Plaintiff's initial calculation, however, this Court calculates counsel's hypothetical hourly rate for work performed in this Court as less than twice her claimed "standard" rate of $165.00. Under *Hayes*, then, the claimed fee is "*per se* reasonable." Although counsel's delay in filing the §406(b) motion and the lack of an additional affidavit by Plaintiff (whose monetary interests are necessarily at odds with those of

15

counsel) give the undersigned some pause, the *per se* reasonableness of the fee and the application of equitable tolling temper those concerns.  The total fee sought, including the prior awards made by the Social Security Administration under §406(a) and by this Court under the EAJA, does not exceed the statutory cap of 25% of the total amount of past-due DIB award made to Plaintiff as a result of counsel's effective representation.

### III. Conclusion and Recommendation

Therefore, **IT IS RECOMMENDED THAT**:

Plaintiff's motion for approval of attorney's fees under 42 U.S.C. §406(b) (Doc. 16) be **GRANTED**, with Plaintiff to be awarded an additional contingency fee in the amount of $4,682.75.  This Report and Recommendation also should serve as notice to counsel that any future motion filed under §406(b) should be more timely filed, and better supported, to the extent that she makes any claim for a fee award that would exceed the "*per se* reasonable" contingency rate for such cases.


 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

16

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

TONI WALLACE,                                                  Case No. 1:09-cv-382

     Plaintiff,                                             Beckwith, J.
                                                               Bowman, M.J.
     v.

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

17